GEORGE W. HERDMAN v. THE BOARD OF COUNTY COMMISSIONERS OF WOODSON COUNTY.

No. 183.

STATUTE OF LIMITATIONS—*claim for damages on account of laying out road barred in two years.* A claim against a county for compensation for land appropriated for public highways must be presented within two years after the claim accrues.

Error from Woodson District Court. Hon. L. Stillwell, Judge. Opinion filed November 10, 1897. *Affirmed.*

33—6 KAN. APP.

514        HERDMAN v. WOODSON COUNTY.

S. Dept.            Opinion.  Dennison, P. J.        · 6 Kan. App.

*Graves, Lambert & Dickson*, for plaintiff in error.

*A. J. Jones* and *G. R. Stephenson*, for defendant in error.

DENNISON, P. J.   George W. Herdman was, from 1870 and during all the time herein mentioned, the owner of certain lands in Woodson County, Kansas. During the years 1872, 1875, 1878 and 1879, the Board of County Commissioners of Woodson County had established public highways by which they condemned some of his lands for the purpose of establishing such highways.

September 28, 1891, Herdman presented to the Board of County Commissioners of Woodson County his claim for compensation and damages by reason thereof.   The claim was disallowed and he appealed to the District Court.   The above allegations were set up in an amended petition, to which the Board demurred.   The demurrer was sustained by the court and Herdman brings the case here for review.   The ground upon which the demurrer was sustained was, that the plaintiff's cause of action was barred by the Statute of Limitations.

The plaintiff in error contends that the words "claim" and "account," as used in paragraph 1676, General Statutes of 1889, which provides that no claim shall be allowed against the county unless presented within two years, does not apply to claims or accounts of this kind.   We fail to perceive any distinction between this sort of claim and any other. Counsel for plaintiff in error argues that, if the word "claim" is held to apply to such transactions as these, Herdman's property would be taken without due compensation.   We are not to decide whether the

taking was legally and constitutionally done. We only decide that, when the owner of the land determines to treat the appropriation as completed and files a claim against the county for compensation, the claim must be presented, as are other claims against the county, within two years after the same accrued.

The judgment of the District Court is affirmed.